IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES DALTON BELL,

        Petitioner,        Civil No. 11-978-CL

        v.        FINDINGS AND
                RECOMMENDATION

J.E. THOMAS,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is one of four federal inmates housed at FCI Sheridan that filed a petition under 28 U.S.C. §2241 purportedly as a class action on behalf of themselves and other inmates at FCI Sheridan. The petition challenged the allegedly over-crowded conditions of the petitioner's confinement.

    By Order (#4) entered September 21, 2011, the petitioner's were ordered to file separate proceedings. Two of the other petitioner's did not pursue their claims. Todd R. Jones filed a

1 - FINDINGS AND RECOMMENDATION

separate proceeding, Civ. No. 11-3112-CL. Judge Aiken appointed counsel to represent Mr. Jones in that case.

Respondent now moves to dismiss petitioner's petition on various grounds, including failure to exhaust administrative remedies. Motion to Dismiss (#13). Petitioner has not responded.

The court notes that the petition in this case is identical to the petition in *Jones v. Thomas*, Civ. No. 11-3112-CL. As noted above, counsel has been appointed in that case, Thus, as a practical matter, the claims alleged by petitioner in this case will be litigated. It may be that petitioner did not respond to the motion to dismiss this action because of the identical claims in the parallel proceeding.

In any event, it is uncontested on the record before the court that petitioner did not exhaust available administrative remedies with respect to his claims in this proceeding, as required by Porter v. Nusselle, 534 U.S. 516, 524 (2002).

Accordingly, petitioner's Petition (#1) should be denied without prejudice and this proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to

2 - FINDINGS AND RECOMMENDATION

file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 22 day of December, 2011.

Mark D. Clarke
United States Magistrate Judge